IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST H. BRADLEY | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 09-17 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| WADE LAUER, et al., | ) | Chief Magistrate Judge Baxter |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Petitioner, Ernest H. Bradley, is serving a sentence imposed by the Court of Common Pleas of Beaver County, Pennsylvania at docket numbers 1625 and 1634 of 2002. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking that conviction. This petition is at least the third habeas petition that he has filed with this federal Court in which he challenges that conviction. Pursuant to 28 U.S.C. § 2244(b)(3)(A), it is recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.   REPORT**

    **A.    Relevant Factual and Procedural History**

On or about July 10, 2007, Petitioner filed with this Court a *pro se* petition for writ of habeas corpus in which he challenged his state court conviction. That petition was docketed as Bradley v. Commonwealth of Pennsylvania, Civil Action No. 07-949Pittsburgh. That case was assigned to U.S. District Judge Donetta Ambrose and U.S. Magistrate Judge Lisa Pupo Lenihan. On October 4, 2007, this Court dismissed the petition as untimely under the applicable statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2244(d). Petitioner filed a timely Notice of Appeal to the United States Court of Appeals for the Third Circuit. According to the docket sheet, that appeal remains pending.

On or about March 5, 2008, Petitioner filed a second petition for writ of habeas corpus challenging his conviction in Beaver County. That petition was docketed as Bradley v. Commonwealth of Pennsylvania, at Civil Action Number 08-329Pittsburgh and was assigned to U.S. District Judge Nora Barry Fischer and U.S. Magistrate Judge Lisa Pupo Lenihan. By Order dated April 16, 2008, this Court dismissed the petition as a successive petition and denied a certificate of appealability. It does not appear from the docket that Petitioner appealed that decision.

On or around January 27, 2009, Petitioner filed with this Court the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254[1]. This Court has held two separate telephonic hearings on this case in an effort to fully understand the issues raised by Petitioner. Petitioner is once again challenging the his conviction in Beaver County at docket numbers 1625 and 1634 of 2002.

### B. Successive Petition

Because this petition is at least the third federal habeas corpus petition that Petitioner has filed in which he challenges his conviction in Beaver County, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision AEDPA. In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in

---

[1] Petitioner originally filed this case along with another petitioner, Troy A. Cromleigh. At a hearing held on April 7, 2009, Mr. Cromleigh's claims were consolidated into a previously-filed case, Cromleigh v. Commonwealth of Pennsylvania, Civil Action Number 09-14Erie. Accordingly, Mr. Cromleigh has been removed from this case.

§ 2244(b)(2). See U.S.C. §2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Court of Appeals for the Third Circuit establishes that Petitioner has not sought nor received from it permission to file a second or successive petition. Therefore, the instant habeas petition should be dismissed because this Court lacks jurisdiction over it. Burton, 549 U.S. at 152-54.

**C. Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

**III. CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed ten (10) days from the date of service to file written objections to this Report and

3

Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

April 14, 2009